# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

LATOYA PORTER-SUMMEY,

    Plaintiff,                              CASE NO. 03-CV-10050

v.                                        DISTRICT JUDGE DAVID M. LAWSON
                                          MAGISTRATE JUDGE CHARLES E. BINDER

UNITED STATES DEPARTMENT
OF THE ARMY, HONORABLE PETE
GEREN, Acting Secretary,[1]

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
(Dkt. 27)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED** and the case be **DISMISSED**.

## II. REPORT

### A. Introduction

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on May 25, 2006. (Dkt. 19.) Before the Court is Defendant's dispositive motion, which was filed on December 18, 2006. (Dkt. 27.)[2] Plaintiff filed a response opposing the motion (Dkt. 30) and Defendant filed a reply. (Dkt. 31.) After review of

---

[1] As indicated by Defendant, pursuant to Fed. R. Civ. P. 25(d)(1), the Honorable Pete Geren is substituted for Francis J. Harvey as Secretary of the Army.

[2] Defendants' motion was also one for summary judgment but this Report deals exclusively with the Motion to Dismiss.

the documents, I conclude that pursuant to E.D. Mich. 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

**B.      Background**

The procedural background of this case is convoluted. (Dkt. 2-23.) However, for purposes of this motion, the procedural history does not merit recitation.

Plaintiff filed an Amended Complaint on October 1, 2003, seeking solely equitable relief through a writ of mandamus. (Dkt. 9.) Plaintiff avers that she enlisted in the United States Army Reserve ("Reserve") on August 8, 1988, at which time she was seventeen (17) years old. (*Id.* ¶¶ 4, 6.) Specifically, Plaintiff enrolled for six years of active duty and two years on inactive reserve. (*Id.* at 8.) Plaintiff further avers that she enlisted primarily to reap the benefits of the Student Loan Repayment Program ("SLRP") and was promised that she would qualify for the same by several recruiters: Wendell Setters, Alvin Marriott and Shelley Teachout. (*Id.* ¶¶ 9-11.) Plaintiff was able to obtain a Master's Degree while enlisted and has fulfilled her eight-year obligation to Defendant. (*Id.* ¶¶ 15-18.)

Plaintiff has been denied the benefits of the SLRP, however, because, according to Defendant, she did not enroll in the program; i.e., she failed to complete and turn in DA Form 5261. (*Id.* ¶¶ 20-22.) Plaintiff alleges that the "DA Form 5261 should have been attached to the Plaintiff's enlistment documents but for some unknown reason was either lost, misplaced or not completed." (*Id.* ¶ 22.) Although Plaintiff sought relief from the Army Board for Correction of Military Records, the "Board determined that there was insufficient evidence to warrant correction of the Plaintiff's military records to allow her to be placed into the Student Loan Repayment Program since the DA Form 5261 was not with her enrollment papers." (*Id.* ¶ 24.) Plaintiff contends that the "Board did not consider whether the form had been lost, misplaced, or never

2

executed, what procedure was followed by the Defendant in the Plaintiff's situation and would not consider testimonial evidence from the Plaintiff since the Board concluded it would only be self serving." (*Id.* ¶ 25.)

### C. Law and Analysis

#### 1. Motion Standards

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal for lack of jurisdiction. Rule 12(b)(6) provides for dismissal where there is a failure to state a claim upon which relief can be granted. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Accordingly, when deciding a dismissal motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)).

#### 2. Discussion

##### a. Jurisdiction - 12(b)(1)

Defendant argues that jurisdiction is not proper in this Court because Plaintiff has failed to state a claim for relief under the Mandamus Act, 28 U.S.C. § 1361. (Dkt. 27 at 6.) On the other hand, Plaintiff argues that the Mandamus Act "does give the court jurisdiction." (Dkt. 30 at 3.)

3

After alleging the court's lack of jurisdiction, Defendant argues the merits of its motion to dismiss under 12(b)(6), i.e., that Plaintiff has failed to state a claim for mandamus because Defendant did not breach a clear duty to Plaintiff. (*Id.* at 6-7.) However, if this Court lacks subject matter jurisdiction, it would be unable to decide the merits of the motion to dismiss. *Moir v. Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 295 (6th Cir. 1990) (noting that a 12(b)(1) motion must be decided before consideration of any motion on the merits).

I suggest this court does have jurisdiction over this matter. The Mandamus Act states that district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Although Plaintiff would enjoy financial gain if successful, the remedy of mandamus does provide value to Plaintiff and does not appear to be a tactical maneuver to avoid the Court of Claims. *Maier v. Orr*, 754 F.2d 973, 982 (Fed. Cir. 1985) ("We look to the nature of the action in the district court in determining jurisdiction . . . [a] civil action for recovery of money from the United States cannot be disguised by couching it in mandamus terms."); *Tootle v. Sec'y of the Navy*, 446 F.3d 167, 175-6 (D.C. Cir. 2006) ( "As long as the . . . [equitable] relief . . . is not 'negligible in comparison' with the potential monetary recovery - we respect the plaintiff's choice of remedies and treat the complaint as something more than an artfully drafted effort to circumvent the jurisdiction of the Court of Federal Claims.") (finding plaintiff's complaint properly sought valuable declaratory relief from Navy physical examination board's determination that plaintiff was fit for duty and thus, not eligible for medical retirement).

The issue of whether Plaintiff is entitled to the mandamus relief she seeks is a question on the merits, not a jurisdictional one. *Moir, supra*. In addition, 28 U.S.C. § 1346(a)(2) provides that the "district courts shall have original jurisdiction, concurrent with the United States Court of

Federal Claims, of any other civil action or claim against the United States . . . not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . . ." Although one could surmise that student loan repayments could very well exceed $10,000,[3] the SLRP provides that the maximum loan amount is not to exceed $10,000, including interest. 10 U.S.C. § 16301; *Miller v. United States*, 58 Fed. Cl. 540, 542 (2003). Therefore, if relief were to be granted, any monetary damages could not exceed $10,000, so jurisdiction is proper in this federal district court under this statute as well.[4]

b.      **Failure to state a claim upon which relief can be granted - 12(b)(6)**

The Army Board for Correction of Military Records ("ABCMR") is authorized to "correct an error or to remove an injustice" in a military record. 10 U.S.C. § 1552(a). A service member seeking to sue the military over an internal military decision must demonstrate two things: "'(a)n allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, and exhaustion of available corrective measures.'" *Williams v. Wilson*, 762 F.2d 357, 359 (4th Cir. 1985) (quoting *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971)). A plaintiff needs to exhaust ABCMR remedies before he or she may proceed in federal court, even if the ABCMR would not be able to grant plaintiff full relief.

---

[3] Judge Lawson's Order to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction questioned whether the dollar amount in controversy exceeded $10,000, for if it did, he noted that jurisdiction would lie exclusively with the Court of Federal Claims. (Dkt. 3.)

[4] Jurisdiction would also have been possible in the Court of Federal Claims. *Sonenfeld v. United States*, 62 Fed. Cl. 336, No. 03-1345 C (Fed. Ct. Cl. Sept. 24, 2004) (finding that Tucker Act jurisdiction in the court of claims, which requires a non-frivolous allegation that a particular statute mandates money damages, was proper based on 10 U.S.C. § 16301, which governs the student loan repayment program).

*Guerra v. Scruggs*, 942 F.2d 270, 277 (4th Cir. 1991). *See also Wenger v. Monroe*, 282 F.3d 1068, 1072 (9th Cir. 2002). Defendant has not argued that Plaintiff failed to exhaust administrative remedies. I note that the Plaintiff pursued reconsideration by the ABCM but was unsuccessful; thus, it appears Plaintiff has properly exhausted her administrative remedies.[5]

As noted earlier, the equitable remedy sought in the instant case is that of mandamus relief. 28 U.S.C. § 1361. Mandamus is properly invoked where the following three elements co-exist:

> (1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available. In other words, the petitioner must demonstrate that his right to the issuance of the writ is 'clear and indisputable.' Mandamus against a public official will not lie unless the alleged duty to act involves a mandatory or ministerial obligation which is so plainly prescribed as to be free of doubt. Mandamus is not favored except in extraordinary situations.

*In re First Fed. Sav. & Loan Ass'n*, 860 F.2d 135, 138 (4th Cir. 1988) (internal citations omitted).[6]

"[A]lthough sparingly used, the power to issue a writ of mandamus exists and will be exercised by the court when in its discretion the exceptional circumstances of the case require its use." *Black v. Boyd*, 248 F.2d 156, 159-60 (6th Cir. 1957) (denial of right to trial by jury is

---

[5]"Judicial review of military record corrections board decisions is available in federal district court pursuant to 10 U.S.C. § 1552(b) and the Administrative Procedures Act ('APA'), 5 U.S.C. §§ 701 *et seq.*," *Greene v. U.S. Army Reserve*, 222 F. Supp. 2d 198, 200 (D. Conn. 2002). The APA affords judicial review of "agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. The APA also provides a waiver of the sovereign immunity of the United States as to claims against agencies for equitable relief. 5 U.S.C. § 702; *Presidential Gardens Assoc. v. United States*, 175 F.3d 132, 143 (2d Cir. 1999).

[6]Stated alternatively, "[t]here are three conditions that must be met before the issuance by the Court of a writ of mandamus: 1) the moving party must have no other means to attain the relief he desires; 2) the moving party must satisfy the burden of showing that his right to the issuance of the writ is clear and undisputable; and 3) the issuing court must be satisfied that the writ is appropriate under the circumstances." *Duncan v. United States*, 2006 WL 44173, *4, No. 04-1691C (Ct. Cl. Jan. 5, 2006).

exceptional circumstance where mandamus would be proper) (citing *La Buy v. Howes Leather Co.*, 352 U.S. 249, 77 S. Ct. 309, 1 L. Ed. 2d 290 (1957)).

In the instant case, Plaintiff alleges (1) that the Board wrongfully "determined that there was insufficient evidence to warrant correction of [her] military records" because the "DA Form 5261 was not with her enrollment papers," (2) that the Board did not but should have considered "whether the form had been lost, misplaced, or never executed," and (3) that it should have also considered the Army's procedure and allowed Plaintiff to testify. (*Id.* ¶¶ 24, 25.) Plaintiff has not pointed to any statute or rule, substantive or procedural, that she alleges has been violated. *Williams, supra*. Instead, Plaintiff's argument sounds in procedural and substantive fairness: plaintiff should have been allowed to testify, the absence of the form should have been attributed to the Army and not to Plaintiff, and the Board acted inconsistently, resulting in a hearing that was not fair and impartial. (*Id.*; Dkt. 30 at 6-8.)

None of these complaints, I suggest, describe a scenario where the Plaintiff has a "clear right to the relief sought," nor do they indicate that Defendant had "a clear duty to do the particular act requested." *First Federal*, 860 F.2d at 138. In other words, Plaintiff has not alleged a "clear and indisputable" right to the writ. *Id. See also Lawry v. Barnhart*, 329 F.3d 1019, 1021 (9th Cir. 2003) (where "plaintiff has no legal entitlement to the relief sought, a 'clear and certain' claim cannot exist, and the writ will not lie"). Instead of alleging a duty that is "mandatory or ministerial," Plaintiff has alleged disagreement with discretionary acts that lie outside the scope of the writ of mandamus. *See id.*; *Jesko v. United States*, 3 Cl. Ct. 780, No. 325-81C (Fed. Cl. Nov. 22, 1983) (dismissing mandamus and injunctive relief claims where plaintiffs complained

that the Farmers' Home Administration ("FmHA") initially approved them for loans, assured them funds would be advanced for nine months, but then unilaterally revoked approval); *Raitport v. Small Bus. Admin.*, 380 F. Supp. 1059, 1060 (D.C. Pa. 1974) (mandamus inappropriate where plaintiff alleged that SBA wrongfully refused a loan because it found that plaintiff's corporation had insufficient equity).

Accordingly, I suggest that Plaintiff's complaint does not set forth allegation sufficient to state a claim for mandamus relief and that Defendant's motion to dismiss should be granted.[7]

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are

---

[7]If the Board's decision were to be reviewed, Plaintiff would face a challenging burden. "Once a plaintiff has sought relief from a correction board, however, the plaintiff is bound by that board's determination unless he can satisfy the difficult standard of proof that the board's decision was illegal because it was arbitrary, capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation or mandatory published procedure of a substantive nature by which plaintiff has been seriously prejudiced, or money is due." *Palmer v. United States*, 38 Fed. Cl. 316, 324 (Fed. Cl. 1997) (citing *Sanders v. United States*, 219 Ct. Cl. 285, 594 F.2d 804, 811 (1979)). "There is a strong presumption that military officers and administrators [such as those on the Army Board for the Correction of Military Records], discharge their duties correctly, lawfully, and in good faith." *Palmer*, 38 Fed. Cl. at 324; *see also Greene v. United States*, 65 Fed. Cl. 375, 385 (2005) (upholding the ABCMR decision to deny repayment where evidence included a memorandum from plaintiff's unit where the administrator told plaintiff he had filled the application out incorrectly and another memorandum referring to "student loan repayment problems" and indicating that the requisite paperwork was not forwarded to the proper office even though plaintiff's enlistment contract indicated that he was entitled to the student loan repayment program).

8

advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                   s/ *Charles E. Binder*
                                   CHARLES E. BINDER
Dated: June 25, 2007               United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Susan DeClercq and and L. Fallasha Erwin, and served on U.S. District Judge Lawson in the traditional manner.

Date: June 25, 2007          By     s/Patricia T. Morris
                                         Law Clerk to Magistrate Judge Binder