UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATOYA PORTER-SUMMEY,

        Plaintiff,                            Case Number 03-10050
                                                      Honorable David M. Lawson
v.                                                Magistrate Judge Charles E. Binder

THOMAS E. WHITE, Secretary,
UNITED STATES DEPARTMENT OF ARMY,

        Defendant.
_____/

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE WITH PREJUDICE

This matter is before the Court on the plaintiff's objections to Magistrate Judge Charles E. Binder's report recommending that the Court grant the defendant's motion to dismiss. The plaintiff filed a complaint for mandamus to compel the United States Army to include in her enlistment records a form that would make her eligible for benefits under an educational loan repayment program. On December 18, 2006, the defendant filed a motion to dismiss and for summary judgment, which the magistrate judge entertained under an order of reference for general case management. Judge Binder bifurcated the motion so as to resolve the motion for dismissal prior to the request for summary judgment. On June 28, 2007, Judge Binder issued his report recommending dismissal, and the plaintiff filed timely objections. The defendant has not responded, and the time for doing so has now expired. The Court has conducted a *de novo* review of the matter and now concludes that the plaintiff's objections to the report and recommendation lack merit, she has not identified in her complaint a clear duty on the part of the Army to change her enlistment records, and therefore she

has not stated a claim for mandamus. The Court will overrule the objections, adopt the magistrate judge's recommendation, and dismiss the case.

I.

The plaintiff, Latoya Porter-Summey, commenced this action on February 21, 2003 by filing a complaint in which she sought an order compelling the United States Army to pay her student loans under a program offered as an incentive for enlistment. She filed an amended complaint on October 1, 2003, which contained a count for a writ of mandamus and a claim under the Administrative Procedures Act. The relief she sought was an amendment to her military records so that a certain form would be included, which would document her eligibility for an educational loan repayment program. On December 18, 2003, the parties filed a stipulation, pursuant to which the Court entered an order staying the action to enable the plaintiff to exhaust her administrative remedies by filing a petition with the United States Army Board for Correction of Military Records (the Board) seeking reconsideration of the Board's earlier decision denying the relief sought. The stay was extended once at the parties' request.

Apparently, the plaintiff did not obtain the relief she wanted from the Board, and on May 25, 2006 the Court granted the plaintiff's motion to lift the stay and referred pretrial matters to Judge Binder. The defendant filed its motion to dismiss or for summary judgment on December 18, 2006.

The only relief the plaintiff seeks is a writ of mandamus compelling the defendant, the United States Department of the Army, to place a copy of DA Form 5261 in the plaintiff's enlistment file, so as to establish her eligibility for financial benefits under the Army's Student Loan Repayment Program (SLRP). In her amended complaint, the plaintiff alleges that she enlisted in the United States Army Reserves on August 8, 1988. Although she was only seventeen years old at the time,

her enlistment was witnessed by her mother. The plaintiff registered for six years of active duty, followed by two years of inactive reserve duty. She alleges that her primary motivation was to acquire the benefits of the SLRP, which provides limited reimbursement of student loans taken out by members of the military during their periods of service. She says that several recruiters assured her that she would qualify for the program, and she relied on this representation when signing the enlistment documents.

The plaintiff joined and served with the 5089th Army Reserve Unit based in Saginaw, Michigan. She since has fulfilled all her military obligations, and she has also earned bachelor's and master's degrees. Of course, she acquired substantial student debt in the process, which she expected the Army to reimburse at least partially. The plaintiff's expectations went unfulfilled, however, when the Army informed her that she had never enrolled in the SLRP.

According to the Army, the plaintiff was not eligible to participate in the SLRP because a necessary form, DA Form 5261, was missing from her enlistment documents. The plaintiff believes that the absence of this form is the only impediment to her eligibility. She avers that "the DA Form 5261 should have been attached to [her] enlistment documents but for some unknown reason was either lost, misplaced or not completed." Amend. Compl. at ¶ 22.

The plaintiff alleges that she sought to correct the error by petitioning the Army Board for Correction of Military Records, but the Board determined that there was insufficient evidence to justify placing the missing form in the plaintiff's file. In the plaintiff's view, this conclusion is flawed because "[t]he Board did not consider whether the form had been lost, misplaced, or never executed," and did not permit her to testify. *Id.* at ¶ 25.

During the period the matter was stayed, the Board denied the plaintiff's request for reconsideration. Attached to the plaintiff's motion to lift the stay and reopen the case is a copy of the Board's order denying reconsideration. That document seriously undermines the plaintiff's contention that the absence of the form is the only impediment to her eligibility for SLRP benefits. The Board explained that she was not entitled to benefits for the additional reason that the SLRP only applied when student loans had been acquired *prior* to enlistment, and the plaintiff – who enlisted at age 17 – did not have existing student loans at the time. Mot. to Reopen, Ex. A, Decision Denying Recon.

After the case was reopened and the defendant filed its motion, Judge Binder held a status conference with counsel for the parties, after which he issued a notice explaining that the defendant's motion to dismiss would be bifurcated from the motion for summary judgment. He directed the plaintiff to respond to the motion to dismiss only, and he further explained that the motion for summary judgment would be addressed at a later time if necessary. The plaintiff responded to the motion to dismiss and did not object to the bifurcation. The magistrate judge decided the motion on the motion papers and did not hear oral argument.

On June 25, 2007, Magistrate Judge Binder issued his report recommending that the Court grant the motion to dismiss. Judge Binder rejected the defendant's contention that the Court lacked subject matter jurisdiction under the Mandamus Act, 28 U.S.C. § 1361. He explained that although the plaintiff would indirectly reap financial gain if the Court issued a writ of mandamus, the equitable remedy sought – compelling the defendant to include DA Form 5261 in the plaintiff's file and to acknowledge her entitlement to SLRP benefits – was significant in and of itself and "not . . . a tactical maneuver to avoid the Court of Claims." R & R at 4. Also, since the maximum repayment under the

SLRP was $10,000, including interest, the Court would possess jurisdiction concurrent with the United States Court of Claims pursuant to 28 U.S.C. § 1346(a)(2).

Judge Binder agreed with the defendant that dismissal was warranted for failure to state a claim because the plaintiff failed to plead that the Army had a clear duty to amend her records or that she had a clear right to the relief sought. He suggested that the complaint should be dismissed for failure to state a claim under which a writ of mandamus could be granted.

As noted, the plaintiff filed timely objections.

## II.

The plaintiff has lodged three objections. The Court reviews the objections and the motion *de novo*. 28 U.S.C. § 636(b)(1). However, the Court focuses on "those portions of the report or specified proposed findings or recommendations to which objection is made." *Ibid.* "Overly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

## A.

The plaintiff's first objection is to the magistrate judge's treatment of the motion as one for dismissal. According to the plaintiff, the motion should have been analyzed as one for summary judgment because the defendant attached external materials to its motion that she presumes were considered by the magistrate judge. It therefore appears that the plaintiff objects to both the

magistrate judge's decision to bifurcate the defendant's motion and his consideration of materials outside of the complaint. Had the motion been analyzed under the summary judgment standard, the plaintiff states she would have had "more latitude" to prove the validity of her claim. Pl.'s Obj. at 2.

Motions to dismiss are governed by Rule 12(b) of the Federal Rules of Civil Procedure and include dismissals for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). When deciding a motion under that Rule, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

It is generally improper to consider matters outside of the pleadings on a motion to dismiss. *Bain v. General Motors Corp.*, 467 F. Supp. 2d 721, 725 (E.D. Mich. 2006). However, that rule does not apply to documents referenced by the pleadings themselves that are central to the plaintiff's claim. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). In such cases, "'the defendant may submit an authentic copy [of the referenced document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment.'" *Ibid.* (quoting *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)).

There is no merit to the plaintiff's objection to the magistrate judge's treatment of the motion as one for dismissal. The plaintiff cannot object persuasively to the bifurcation of the motion to dismiss from the motion for summary judgment because she consented to the procedure. Shortly after the defendant filed its motion, Magistrate Judge Binder held a status conference with counsel and issued the order bifurcating the motion and directed the plaintiff to respond only to the motion to dismiss. The plaintiff filed a limited response as directed, and she never objected to proceeding in this manner. If the plaintiff disagreed with that procedure, she should have brought her grievance to Judge Binder's attention, rather than wait until she learned if the result would be unfavorable.

Moreover, Judge Binder's report contains no reference to any of the documents attached to the defendant's motion for dismissal or summary judgment, save the reconsideration denial letter from the Board, and there is nothing to indicate that he factored these documents into his decision. The decision of the Board on reconsideration certainly could be considered since it was submitted by the plaintiff and was central to her claim. Nonetheless, Judge Binder made only passing reference to it, and he properly treated the motion as one for dismissal and applied the correct standard of review.

B.

Next, the plaintiff objects to the magistrate judge's denial of her request for oral argument. She says this was an abuse of discretion because "[i]n denying [her] request for oral argument, Magistrate [Judge] Binder did not give [her] a fair opportunity to demonstrate the complex nature of what had transpired before the [Board]." Pl.'s Obj. at 2.

Local Rule 7.1(e) authorizes the Court to hear motions without oral argument when the motion papers supply the necessary information. E.D. Mich.. LR 7.1(e). The decision to forego a

hearing is reviewed for an abuse of discretion. *See United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005). A court abuses its discretion where it "applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *United States v. Martinez*, 430 F.3d 317, 326 (6th Cir. 2005). Magistrate Judge Binder did not abuse his discretion in determining that the motion to dismiss could be decided on briefs because the matter is straightforward, the law is clear, and the issues are framed and discussed adequately by the parties' submissions.

C.

Turning to the crux of the matter, the plaintiff objects to the magistrate judge's ultimate conclusion that the plaintiff failed to state a claim upon which a writ of mandamus could be granted. The plaintiff insists that her complaint was based upon, *inter alia*, the Board's failure to abide by federal regulations requiring it to "review all applications to determine the existence of error or injustice" and to "gather whatever information is necessary to conduct a full and fair review of the matter." Pl.'s Obj. at 4 (citing 32 C.F.R. § 581.3(a)(4)). Although she may not have cited the relevant regulations in her complaint, the plaintiff submits that her complaint was clearly premised on a denial of due process, and Magistrate Judge Binder gave this short shrift. In addition, the plaintiff contends that Magistrate Judge Binder erred in his conclusion that discretionary acts lie outside the scope of mandamus relief.

Section 1361 of Title 28 authorizes district courts to issue writs of with mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To obtain relief under section 1361, a plaintiff must establish that (1) she has a clear right to relief, (2) the defendant has a clear, non-discretionary duty to act, and (3) there is no other

adequate remedy available. *Heckler v. Ringler*, 466 U.S. 602, 616-17 (1984); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995). "'For there to be a "duty owed to the plaintiff" within the meaning of section 1361, there must be a mandatory or ministerial obligation. If the alleged duty is discretionary or directory, the duty is not "owed."'" *Ryan v. O'Neill*, 894 F.2d 199, 205 (6th Cir. 1990) (quoting *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987)).

The plaintiff cites two cases for the proposition that a writ of mandamus is appropriate to redress an abuse of discretion by a government agency when the abuse amounts to a denial of due process: *Pence v. Morton*, 391 F. Supp. 1021 (D. Alaska 1975), and *Carlson v. Schlesinger*, 364 F. Supp. 626 (D. D.C. 1973). Neither of these cases supports that argument. In *Pence*, the district court simply stated that an action for a writ of mandamus "may be maintained only if a ministerial duty is involved or if the writ is used to compel an agency to perform a duty required by the Constitution." *Pence*, 391 F. Supp. at 1024. To state that mandamus may be appropriate where an agency has violated the Constitution is simply to state the obvious: an agency does not have "discretion" to ignore the Constitution. *Carlson v. Schlesinger* is even less helpful, since the court in that case did not determine whether mandamus was appropriate. Rather, the court stated in a footnote that although it had "no quarrel with the government's contention that mandamus may only properly compel an official to perform a non-discretionary duty," mandamus would probably be warranted because the agency in that case had "indeed exceeded the proper discretionary boundaries created by the regulations in question and constitutional obligations which may not be ignored." *Id.* at 631 n.10.

Of course, a district court can issue a writ of mandamus to compel an agency *to exercise* its discretion, even though the Court cannot dictate the outcome of the exercise of that discretion.

*Intermodal Tech., Inc. v. Mineta*, 413 F. Supp. 2d 834, 839 (E.D. Mich. 2006). That is not what the plaintiff seeks here, however. The Board acted and considered certain information. Although the plaintiff believes she should have been able to offer more, she has presented nothing in her complaint that remotely suggests that the Board departed from its established procedure or that it failed even to exercise its discretion. The Court agrees with the magistrate judge's review of the law that confines mandamus to compelling ministerial or mandatory obligations. The plaintiff has not pointed to any such obligation by the Board to correct her military records or grant her a hearing.

The Army Board for Correction of Military Records is a federal agency overseen by the Secretary of the Army that performs the functions directed by Congress set forth in 10 U.S.C. § 1552. Its policies and procedures are set forth in 32 U.S.C. § 581.3 and related regulations. The Board members' responsibilities include "review[ing] all applications that are properly before them to determine the existence of error or injustice," and "[i]f persuaded that material error or injustice exists, and that sufficient evidence exists on the record, direct[ing] or recommend[ing] changes in military records to correct the error or injustice." 32 C.F.R. § 581.3(b)(4)(i)-(ii). The Board "begins its consideration of each case with the presumption of administrative regularity. The applicant has the burden of proving an error or injustice by a preponderance of the evidence." 32 C.F.R. § 581.3(e)(2). When an application is properly before the Board, the Board reviews the application to determine

> (A) Whether the preponderance of the evidence shows that an error or injustice exists and –
> (1) If so, what relief is appropriate.
> (2) If not, deny relief.
> (B) Whether to authorize a hearing.

32 C.F.R. § 581.3(e)(3)(iii)(A)-(B). As this language suggests, "[a]pplicants do not have a right to a hearing before the [Board]." 32 C.F.R. § 851.3(f). If an applicant finds herself aggrieved by the Board's decision, she may seek reconsideration based on the submission of new evidence "sufficient to demonstrate material error or injustice." 32 C.F.R. § 851.3(g)(4)(i).

Like all agency decisions, decisions by the Board are reviewed under the "arbitrary and capricious standard" set forth in the Administrative Procedures Act. *Renicker v. United States*, 17 Ct. Cl. 611, 614 (1989). Under this standard, a reviewing court will set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. Although the Board has a mandatory obligation to review applications for "material error or injustice," the Board's decisions are a matter of discretion. *See* 10 U.S.C. § 1552(a)(1) ("The Secretary of a military department *may* correct any military record when the Secretary considers it necessary to correct an error or remove an injustice") (emphasis added); *Keeny v. Secretary of Army*, 437 F.2d 1151, 1152-53 (8th Cir. 1971); *cf. Lipsman v. Secretary of Amry*, 335 F. Supp. 2d 48, 54 (D.D.C. 2004) ("Just because § 1552 grants the Secretary discretion over whether or not to correct a military record, however, does not mean that it similarly grants discretion over what procedure he may use to make that correction.").

The plaintiff alleges in her amended complaint that the Board failed to consider the possibility that the subject form, DA Form 5261, was missing as a result of the Army's own negligence. She also states that the Board should have allowed her to testify and given more credence to her own version of events. She seeks a writ of mandamus compelling the Board "to include with her enlistment records the DA Form 5261 which was erroneously left out." Amend. Compl. at ¶ 29.

However, in determining whether to correct an individual's military records, the Board engages in a discretionary function, as established by the language of 10 U.S.C. § 1552(a)(1), set forth above. A writ of mandamus therefore is inappropriate to secure the relief sought because the plaintiff has not shown that the Board has a non-discretionary duty to correct her military records. *See Heckel*, 466 U.S. at 616-17; *In re Bankers Trust Co.*, 61 F.3d at 469; *Ryan*, 894 F.2d at 205.

To the extent that the plaintiff's amended complaint can be construed as seeking to compel the Board to revisit its decision, grant her a hearing, or consider more profoundly the possibility that the Army may have been responsible for the form's absence, the plaintiff invokes no more than the Board's discretionary authority. The regulations themselves establish that "[a]pplicants do not have a right to a hearing," 32 C.F.R. § 581.3(f), and "reconsideration by the Board is clearly a matter of discretion," *Keeny*, 437 F.2d at 1152. Although the Board has a mandatory obligation to review an application to determine "[w]hether the preponderance of evidence shows that an error or injustice exists," its evaluation of the evidence is discretionary in nature. *See* 32 C.F.R. § 581.3(iii). The Court cannot issue a writ of mandamus requiring the Board to exercise its discretion by deciding a case in a certain way. *Com. of Pennsylvania, by Shephard v. Nat'l Ass'n of Flood Insurers,* 520 F.2d 11, 26-27 (3d Cir. 1975), *overruled on other grounds by Pennsylvania v. Porter*, 659 F.2d 306 (3d Cir. 1981) (noting that "mandamus may issue to require the exercise of permissible discretion, although the manner in which the discretionary act is to be performed is not to be directed by the court").

Finally, it appears that even if the Court were to grant the plaintiff the relief she seeks by compelling the Army to include the DA Form 5261 in her records, she would be no closer to obtaining tuition reimbursement. The letter denying reconsideration explained in some detail that the

plaintiff's tuition bills would not be included in the Army's Student Loan Repayment Program, and she has received already all the payments to which she was entitled under another program, the Montgomery G.I. Bill.

The Court must conclude, therefore, that the magistrate judge correctly determined the merits of the defendant's motion considered as a motion to dismiss. The plaintiff failed to plead facts that established that she had a clear right to relief or that the defendant had a clear, non-discretionary duty to act.

### III.

The Court has considered the defendant's motion to dismiss *de novo* following the magistrate judge's report and the plaintiff's objections. The objections lack merit, and the motion will be granted.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #33] is **ADOPTED**, and the plaintiff's objections [dkt #34] are **OVERRULED**.

It is further **ORDERED** that the defendants' motion to dismiss [dkt #27] is **GRANTED**.

It is further **ORDERED** that the amended complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 21, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 21, 2007.

                                        s/Felicia M. Moses
                                        FELICIA M. MOSES